Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7081 | **DATE** | 3/5/2004 |
| **CASE TITLE** | REED vs. MONAHAN'S LANDSCAPE CO., INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   **Motion (5-1) to dismiss is denied. Enter Memorandum Opinion and Order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 0 8 2004 | |
| | Notified counsel by telephone. | | date docketed | 11 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KIMBERLY I. REED,

    Plaintiff,

v.

MONAHAN'S LANDSCAPE CO., INC.

    Defendant.

No. 03 C 7081
Judge James B. Zagel

**DOCKETED**

MAR 0 8 2004

## MEMORANDUM OPINION AND ORDER

On October 7, 2003, plaintiff Kimberly Reed filed a two-count Complaint against her former employer, Monahan's Landscape Company, Inc. (the "company"), alleging that she was constructively discharged on May 6, 2002 and again on August 27, 2002, as a result of the discriminatory treatment she allegedly received from the company's president, Aidan Monahan, during the course of her employment as an accounts payable clerk and bookkeeper. Count II alleges that the company constructively discharged Reed in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*, because she allegedly protested and complained to Monahan about the company's failure to pay its hourly landscape employees overtime compensation.

The company moves to dismiss this claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that Reed did not engage in protected activity under the FLSA when she protested on behalf of other employees. The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering such a motion, I review the facts alleged in the complaint and draw reasonable inferences therefrom. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th

11

Cir. 2000). Dismissal is warranted if Reed cannot prove any set of facts in support of Count II that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Section 215(a)(3) of the FLSA prohibits an employer from discriminating against any employee in retaliation for asserting an FLSA claim. 29 U.S.C. § 215(a)(3); *Scott v. Sunrise Healthcare Corp.*, 195 F.3d 938, 940 (7th Cir. 1999). Specifically, the statute provides that:

> it shall be unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3). To establish a prima facie case of retaliation, Reed must show that: (1) she engaged in protected expression; (2) she suffered an adverse action; and (3) a causal link existed between the protected expression and the adverse action. *Scott*, 195 F.3d at 940. Section 215(a)(3) has two clauses setting out protected expression under the statute – the complaint clause and the testimonial clause. Reed alleges that she engaged in protected expression under the complaint clause when she complained to Monahan that the company was not paying its other hourly employees overtime compensation in violation of the FLSA.

The company argues that this claim should be dismissed because no protection is afforded under § 215(a)(3) for a plaintiff making a complaint on behalf of other employees as opposed to herself, citing *Ball v. Memphis Bar-B-Q Co.*, 228 F.3d 360 (4th Cir. 2000), and *Hinsdale v. City of Liberal*, 19 Fed. Appx. 749, 2001 U.S. App. LEXIS 19349 (10th Cir. 2001). However, neither *Ball* nor *Hinsdale* supports this proposition. Neither the plaintiff in *Ball* nor the plaintiff in *Hinsdale* claimed to have engaged in a statutorily-protected complaint against the defendant, as Reed has alleged here. Rather, the dispute in each case involved the plaintiff's actual or intended

2

testimony against the defendant, and thus each case involved the testimonial clause of § 215(a)(3). *Ball*, 228 F.3d at 363; *Hinsdale*, 2001 U.S. App. LEXIS 19349, at *14. Both cases held that the testimonial clause requires that an FLSA proceeding or lawsuit be "instituted." *Ball*, 228 F.3d at 363; *Hinsdale*, 2001 U.S. App. LEXIS 19349, at *14. Accordingly, neither case is on point for the present issue.

Indeed, the only case I found that addresses whether § 215(a)(3) affords protection to a plaintiff making a complaint on behalf of other employees is *McKenzie v. Renberg's Inc.*, 94 F.3d 1478 (10th Cir. 1996).[1] In *McKenzie*, the plaintiff was employed as a personnel director, and was responsible for monitoring her employer's compliance with state and federal equal employment opportunity laws, wage and hour laws, and other laws regulating the workplace. *Id.* at 1481. As part of her job, the plaintiff informed her employer's attorney and president that certain employees of the company were not receiving proper compensation for working overtime. *Id.* Sixteen days later, the plaintiff was terminated, and she subsequently brought suit against the company alleging, *inter alia*, retaliatory discharge under § 215(a)(3). *Id.*

On appeal, the Tenth Circuit affirmed the district court's entry of judgment as a matter of law on the plaintiff's claim because the court found that the plaintiff failed to engage in statutorily protected activity. The court noted:

> in order to be protected under § 215(a)(3), an employee need only make a good faith assertion of [one's] statutory rights. Thus, it is the assertion of statutory rights (i.e., the advocacy of rights) by taking some action adverse to the company – whether via formal

---

[1] I recognize that neither party cited to this case in their briefs on the present motion. Accordingly, if I have missed some glaring reason as to why this case should not be considered, I trust that the parties – or more likely, the movants whose motion is hereby denied – will bring it to my attention.

3

complaint, providing testimony in an FLSA proceeding, complaining to superiors about inadequate pay, or otherwise – that is the hallmark of protected activity under § 215(a)(3).

*McKenzie*, 94 F.3d at 1486 (quotations and citations omitted). As for the plaintiff in *McKenzie*, however, she "never crossed the line from being an employee merely performing her job as personnel director to an employee lodging a personal complaint about the wage and hour practices of her employer and asserting a right adverse to the company." *Id.* Accordingly, because she did not:

> step outside . . . her role of representing the company and either file (or threaten to file) an action adverse to the employer, actively assist other employees in asserting FLSA rights or otherwise engage in activities that reasonably could be perceived as directed toward the assertion of rights protected by the FLSA, . . . McKenzie did not engage in activity in activity protected under § 215(a)(3).

*Id.* at 1486-87. In observing the plaintiff's failure to "actively assist other employees in asserting FLSA rights," the court remarked in a footnote that "[t]he Tenth Circuit has not addressed whether § 215(a)(3) protects actions taken by an employee on behalf of other employees." *Id.* at 1486 n. 8. But although not faced with the issue, the court noted that it "assume[d], without deciding, that the language of § 215(a)(3) is sufficiently broad to encompass conduct taken on behalf of others." *Id.* The court further noted that § 215(a)(3) "does not explicitly require that the employee's protected conduct relate to the assertion of his or her own statutory rights." *Id.*

As the defendant here correctly notes, I should give respectful consideration to the decisions of other circuit courts and follow the other circuit courts whenever possible. *Colby v. J.C. Penny Co., Inc.*, 811 F.2d 1119, 1123 (7th Cir. 1987). This maxim requires my respectful consideration of the Tenth Circuit's remarks in *McKenzie* that § 215(a)(3) affords protection to a plaintiff making a complaint on behalf of other employees. Even in the absence of the Tenth

Circuit's opinion, the issue here has not been the subject of any holding. In this situation, it is my view that the Court of Appeals for this Circuit ought to address this issue on a fully developed factual record. Accordingly, I deny the company's motion to dismiss.

For the reasons above, the company's Motion to Dismiss Count II of the Complaint Pursuant to Rule 12(b)(6) is DENIED.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: MAR 0 5 2004